IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

--oOo--

| | |
|---|---|
| DENNIS CLAYPOOL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. CV 04-00570 ACK/KSC |
| | ) |
| CAPTAIN ANDY'S SAILING, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| AND RELATED ACTIONS. | ) |

DEPOSITION OF SHERYL CLAYPOOL

Monday, May 16, 2005

**CERTIFIED COPY**

REPORTED BY: DENISE A. FORD, CSR 7525 (366133)

EXHIBIT __D__



LEGALINK
A WORDWAVE COMPANY
LegaLink San Francisco
601 Van Ness Ave, Suite 2052
San Francisco, CA 94102
tel (415) 359-2040
tel (800) 869-9132
fax (415) 359-2050
www.legalink.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

SHERYL CLAYPOOL May 16, 2005

```
 1            THE WITNESS:  I could tell you better by
 2   looking at a distance.  If you want to compare it to a
 3   football field, I would say if I was on the 50-yard
 4   line, it appeared to be like where the goal line would
 5   be.
 6            MR. BALDEMOR:  Q.  So 50 yards?
 7       A.   Yes.
 8       Q.   And you are familiar with a football
 9   field?
10       A.   Yes.
11       Q.   You have watched football?
12            MR. HILLSMAN:  She is a graduate of
13   Arizona State.
14            THE WITNESS:  Flag twirler.  I know
15   football fields very well, every step.
16            MR. BALDEMOR:  Q.  And so after you saw
17   Mr. Claypool on the SPIRIT OF KAUAI, what happened next?
18       You saw him on the SPIRIT OF KAUAI and they were
19   putting him on the catamaran?
20            MR. HILLSMAN:  Object to form, calls for
21   a narrative response, but you can answer.
22            THE WITNESS:  They kept me up in the area
23   where the captain drives the boat and has the radio.  I
24   just stood there with him as I listened to him try to
25   get radio contact for help for the divers.  Actually I
```

61

1  blood pressure and he wasn't treated consistently for
2  it.
3       Q.   But did he have high blood pressure at
4  times?
5            MR. HILLSMAN:  That misstates the
6  witness's testimony.
7            MR. BALDEMOR:  Q.  Go ahead.  You can
8  answer.
9       A.   I just --
10           MR. HILLSMAN:  It wasn't a question.  It
11 was a statement.  It misstated the witness's testimony.
12           MR. BALDEMOR:  Q.  Did your husband have
13 high blood pressure at times?
14           MR. HILLSMAN:  That question has been
15 asked and answered.
16      You can try to answer again.
17           THE WITNESS:  All I know is one time.
18           MR. BALDEMOR:  Q.  When was that?
19      A.   The time he was given the medication for
20 it.
21      Q.   And what date was that?
22      A.   Four years ago.
23      Q.   And what do you know about that time, that
24 diagnosis?
25      A.   You have borderline high blood pressure.

97

SHERYL CLAYPOOL May 16, 2005

```
 1  You need to start taking your blood pressure.  I am
 2  going to give you some medicine to lower it.
 3          Q.    Did you see a medical record?
 4          A.    No.
 5          Q.    Were you there at the time?
 6          A.    No.
 7          Q.    How do you know about it?
 8          A.    He told me.
 9             MR. HILLSMAN:  Did Dennis ever tell you
10  that he thought he had high blood pressure?
11             THE WITNESS:  No.
12             MR. BALDEMOR:  Q.  Do you remember what
13  he was prescribed for his high blood pressure?
14          A.    I get them mixed up.
15          Is Accupril a high blood pressure medication?
16          Q.    Do you remember anything else?
17          A.    No.  I know that because the same bottle
18  sat in our cabinet for a year.
19          Q.    Now are there any physical conditions that
20  your children are contending were a result of the
21  accident?
22             MR. HILLSMAN:  Object to form, calls for
23  speculation.
24             MR. BALDEMOR:  Let me strike the
25  question.
```

```
 1                    CERTIFICATE OF REPORTER
 2
 3          I, DENISE A. FORD, a Certified Shorthand
 4   Reporter, hereby certify that the witness in the
 5   foregoing deposition was by me duly sworn to tell the
 6   truth, the whole truth, and nothing but the truth in the
 7   within-entitled cause;
 8          That said deposition was taken down in
 9   shorthand by me, a disinterested person, at the time and
10   place therein stated, and that the testimony of the said
11   witness was thereafter reduced to typewriting, by
12   computer, under my direction and supervision;
13          I further certify that I am not of counsel or
14   attorney for either or any of the parties to the said
15   deposition, nor in any way interested in the event of
16   this cause, and that I am not related to any of the
17   parties thereto.
18
19          DATED: May 20, 2005.
20
21
22
23
24
25
```



DENISE A. FORD, CSR No. 7525