1

```
 1        UNITED STATES DISTRICT COURT
               DISTRICT OF HAWAII
 2
    DENNIS CLAYPOOL, individually )Civil No. CV04 00570 ACK KSC
 3  and as Guardian Ad Litem for  )
    KRISTEN CLAYPOOL, a minor,    ) DEPOSITION OF
 4  SHERYL CLAYPOOL, SCOTT        ) TERRY DONNELLY
    CLAYPOOL, and KRISTEN CLAYPOOL) May 17, 2005
 5                                ) 8:50 a.m.
         Plaintiffs,              )
 6                                )
       vs.                        )
 7                                )
    CAPTAIN ANDY'S SAILING, INC., )
 8  BLUE DOLPHIN CHARTERS, LTD.   )
    and BLUE DOLPHIN DIVING, INC.,)
 9                                )
         Defendants.              )
10  _____)
    MATTHEW ISHAM, individually   )Civil No. CV04-00559 ACK KSC
11  and as Guardian Ad Litem for  )
    HAYDEN ISHAM, a minor,        )
12  ROXANNE BEST ISHAM,           )
                                  )
13       Plaintiffs,              )
                                  )
14     vs.                        )
                                  )
15  BLUE DOLPHIN CHARTERS, LTD.   )
    and BLUE DOLPHIN DIVING, LTD.,)
16  CAPTAIN ANDY'S SAILING, INC., )
                                  )
17       Defendants.              )
    _____)
18  In the Matter of              )Civil No. CV05-00017 HG LEK
    The Complaint of CAPTAIN      )
19  ANDY'S SAILING, INC., a Hawaii)
    corporation, as pro hac vice  )
20  owner, and EVANS PACIFIC, LTD,)
    a Hawaii corporation, as owner)
21  of M/V SPIRIT OF KAUAI, O.N.  )
    995776, for exoneration from  )
22  or limitation of liability.   )
                                  )
    _____)
23             -continued-

24

25
```

Exhibit "B"

2

1                    -continued-

2  IN THE MATTER OF THE COMPLAINT ) Civil No. CV05-00037 HG BMK
   OF THE BLUE DOLPHIN CHARTERS, )
3  LTD. AND TERRY DONNELLY AS    )
   OWNERS OF THE VESSEL M/V BLUE )
4  DOLPHIN, O/N 1082212, FOR     )
   EXONERATION FROM AND/OR       )
5  LIMITATION OF LIABILITY.      )
   _____)
6

7

8           DEPOSITION OF TERRY DONNELLY
9
   Taken on behalf of Plaintiffs Dennis Claypool, individually
10 and as guardian ad litem for Kristen Claypool, a minor,
   Sheryl Claypool, Scott Claypool, and Kristen Claypool at
11 the American Savings Bank Tower, Suite 1901, 1001 Bishop
   Street, Honolulu, Hawaii, commencing at 8:50 a.m. on May
12 17, 2005, pursuant to Notice.

13

14

15

16

17

18

19

20
   Transcribed by: WILLIAM T. BARTON, RPR, CSR #391
21              Court Reporter, State of Hawaii

22        PACIFIC REPORTING SERVICES UNLIMITED
              Suite 1470, Makai Tower
23                733 Bishop Street
              Honolulu, Hawaii 96813
24                (808) 524-PRSU

25

123

1   Q. Where is it?

2       MS. BLACK: It's probably more than one place.

3   A. I think it's other places. Right here, D-308,

4 Bates stamped. Equipment Requirements, 3. "Use the dive

5 flag where required by local law activities and surface

6 support station with a dive flag."

7   Q. Who do these equipment requirement standards run

8 to?

9   A. PADI Dive Instructor. Instructors on the boat.

10 Instructor Dive Masters.

11   Q. It says, "Use the dive flag where required by

12 local law," correct?

13   A. Yes.

14   Q. It says, "Consider using a surface support

15 station with a dive flag."

16       Is that a float?

17   A. Surface support?

18   Q. Can that be a float?

19   A. Surface support station with dive flag would be

20 what we have been calling the dive float, yes.

21   Q. It says "consider using it," does it not? It

22 doesn't say it's mandatory?

23   A. That's what this says. Our company policy was

24 that it was mandatory they were supposed to take them.

25   Q. Where is it written in your company policy that

124

1  it was mandatory?

2     A.  It was verbally told to everybody during their
3  training.  It was also brought up at several meetings to
4  reinforce it.  Take the dive floats.  Take the dive floats.

5     Q.  Again, you were at the other depositions, and you
6  were at Matt Isham's deposition.  And you recall that he
7  said he was never at a meeting where he was told that.

8         You disagree with that testimony of his?

9     A.  I don't know if I disagree.  I know Matt was told
10 to take dive floats.  We had meetings.  Even on the boat,
11 they were told, not just at meetings, they were told during
12 their employment to do so.

13    Q.  Is it your testimony you specifically told Matt
14 Isham at some point that he has to take a dive float every
15 time he goes in the water?

16    A.  Yes.

17    Q.  When did you tell him this?

18    A.  I believe Matt -- I remember meetings Matt -- we
19 were at.  Every meeting we were at, we talked about, Take
20 the dive float in the water.  Take the dive float in the
21 water.

22        I remember one meeting upstairs at our old office
23 where we discussed it.  Matt was there.  That was early in
24 his employment.  I remember that meeting.

25    Q.  You have nothing in writing that codifies or

memorializes any directive to your employees that they have to take the dive float every time? Is that right?

A. Nothing comes to mind, except the PADI Manual that's suggests it.

MS. BLACK: Are you going to use the PADI Manual anymore, Rick?

MR. LESSER: Yeah.

MS. BLACK: Okay.

BY MR. LESSER:

Q. Do you know where Dave Lambdin is today?

A. I do not.

Q. Well, welcome to the large and growing club.

Now, when you hired Matt Isham, what was the capacity in which he was hired?

A. He was hired as a scuba instructor, crew.

Q. That was the first time, correct?

A. Yes.

Q. And then he came back to work for you again in the spring of 2004; is that right?

A. Sounds right.

Q. Okay. Would you agree, as he testified, that being a scuba diving instructor was his occupational goal in life?

MS. BLACK: Objection. Calls for speculation. Lacks personal knowledge.

173

CERTIFICATE

STATE OF HAWAII      )
                     )  SS.
COUNTY OF HONOLULU   )

I, WILLIAM T. BARTON, RPR, Certified Shorthand Reporter, State of Hawaii, do hereby certify that on May 17, 2005 at 8:50 a.m. there appeared before me TERRY DONNELLY, the witness whose deposition is contained herein; and that prior to being examined was duly sworn; that I am neither counsel for any of the parties herein, nor interested in any way in the outcome of this action;

That the deposition herein was by me taken down in machine shorthand and thereafter reduced to print via computer-aided transcription under my supervision; that the foregoing represents a complete and accurate transcript of the testimony of said witness to the best of my ability.

Dated this 19th day of May 2005 at Honolulu, Hawaii.

_____
WILLIAM T. BARTON, CSR No. 391
Notary Public, State of Hawaii
My Commission expires August 7, 2005

PACIFIC REPORTING SERVICES UNLIMITED
(808) 524-PRSU