January 27, 2005

*Via Facsimile (808) 547-5880*

John Lacy, Esq.
Goodsill, Anderson, Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813-4500

    Re:   *Claypool v. Blue Dolphin*

Dear John:

    Thank you for yours of 26 January. I appreciate your prompt reply.

    I am familiar with the *Lagnes* decision. Indeed, the passage you quoted has been cited by many, many courts in the last 73 years. According to more recent authority, however, where "a single claim is involved *or where multiple claims do not exceed the limitation fund,* 'the court's discretion is narrowly circumscribed' and *the injunction must be dissolved 'unless the owner can demonstrate that his right to limit liability will be prejudiced.'*" *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983) (emphasis added). Since Mr. Lesser's and my stipulation protects your clients' right to limitation from any conceivable prejudice, I believe this case will be governed by *Newton*. See also, *Riverway Harbor Serv. v. Bridge & Crane Inspection*, 263 F.3d 786 (8th Cir. 2001); *Two "R" Drilling Co. v. Rogers*, 943 F.2d 576, 577 (5th Cir. 1991).

    I appreciate your need to smoke unknown claims out of the woodwork. I am not asking you to surrender that right. I am merely suggesting that you ask Judge Gilmore to exclude the cases currently pending before Judge Kay from her Monition, at least until such time as additional claims surface, so we can streamline proceedings and get what promises to be a very unwieldily discovery schedule off and running. In the unlikely events that additional claims surface, and that those claimants are unwilling to enter into Rick's and my stipulation, we can revisit the necessity for a comprehensive stay. That way, no time will be lost if, as is almost certainly the case, Mr. Lesser's and my clients prove to have the only claims.

    Since your and Mr. Formby's clients have already alleged the Limitation Act as an affirmative defense before Judge Kay, I do not understand the need for duplicate proceedings in front

Exhibit "9"

Re: *Claypool v. Blue Dolphin*<br>
January 27, 2005<br>
Page 2

of Judge Gilmore. If the waste and inefficiencies that go along with parallel lawsuits aren't enough to dissuade you from the course you're charting out, please consider the likely effect it will have on Captain Andy's cannibalizing coverage. It will also throw a wrench into Magistrate Judge Chang's ADR efforts.

For all these reasons, I remain hopeful that you will reconsider your position before the Monition is actually issued.

Thank you very much for your courtesy and attention. I look forward to working with you in this case.

Very truly yours,

ds

JOHN R. HILLSMAN

cc: Harold Hoppe
     Mike Formby
     Rick Lesser
     David Mayes