**GOODSILL ANDERSON QUINN & STIFEL**
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                            1397-0
    jlacy@goodsill.com
EVELYN J. BLACK                     4362-0
    eblack@goodsill.com
RANDOLF L. M. BALDEMOR   7421-0
    rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 1 2005

at 11 o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

Attorneys for Limitation Plaintiffs
BLUE DOLPHIN CHARTERS, LTD. AND TERRY
DONNELLY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL NO. 05 00037 HG BMK<br><br>BOND UNDER RULE F OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS; CERTIFICATE OF SERVICE<br><br>Bond # 27-91-85 |

**BOND UNDER RULE F OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS**

EXHIBIT "A"

861017.1

WHEREAS, Limitation Plaintiffs BLUE DOLPHIN CHARTERS, LTD. and TERRY DONNELLY (collectively referred to as "Limitation Plaintiffs"), by and through their attorneys, Goodsill Anderson Quinn & Stifel, LLP, filed a complaint in the above-referenced matter for exoneration from and/or limitation of liability on account of all losses and damages resulting from the casualties described therein, and in which Limitation Plaintiffs pray that an injunction be issued restraining the commencement or prosecution of any action or actions against Limitation Plaintiffs or the said Vessel arising out of matters which form the subject of the complaint; and

WHEREAS, Limitation Plaintiffs, in compliance with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, file with the Court this bond with approved surety in the amount of $435,000.00 with interest thereon at the rate of six percent (6%) per annum from the date of the security, which sum is equal to the value of the Limitation Plaintiffs' interest in said Vessel;

NOW, THEREFORE, Limitation Plaintiffs, as principal, and American Home Assurance Company, as surety, hereby undertake jointly, severally, and _in solido_, the sum of $435,000.00, with interest thereon at the rate of six percent (6%) per annum from the date hereof. Limitation Plaintiffs will abide by the further orders of this Court and pay into the Court whenever the Court shall

order, a sum equal to the amount or value of Limitation Plaintiffs' interest in said Vessel; and pending payment of said amount, this bond shall stand as security for all sums filed in said proceedings. However, in no event will the surety's aggregate liability exceed the sum of $435,000.00 plus interest thereon at the rate of six percent (6%) per annum from the date hereof.

THUS DONE AND EXECUTED this 19th day of January, 2005, at Dallas, Texas.

SURETY: American Home Assurance Company

BY: *Hazel Grigg*
Hazel Grigg, Attorney-in-Fact

American Home Assurance Company
National Union Fire Insurance Company of Pittsburgh, Pa.
Principal Bond Office: 175 Water Street, New York, N.Y. 10038

POWER OF ATTORNEY

No. 09-E-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

KNOW ALL MEN BY THESE PRESENTS:

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation, does each hereby appoint

---Hazel Grigg: of Dallas, Texas---

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. have each executed these presents this 11th day of February, 2004.

 

Michael C. Fay, Vice President

STATE OF NEW YORK }
COUNTY OF NEW YORK }ss.

On this 11th day of February, 2004 before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office.

DOROTHY L. PARKER
Notary Public, State of New York
No. 01PA6060631
Qualified in Richmond County
Commission Expires June 25, 2007

### CERTIFICATE

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

"RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

"RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact."

I, Elizabeth M. Tuck, Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, Pa. do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation this 19TH day of JANUARY 2005.

 

Elizabeth M. Tuck, Secretary

65166 (4/96)