IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD., AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, | CIVIL NO.: CV05-00037 HG BMK (Consolidated)<br><br>DECLARATION OF CHERYL PETERSON LILLEY |
| MATTHEN ISHAM, individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. And BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., DOES 1-50,<br><br>Defendants. | CIVIL NO. 04-00559 HG-BMK |
| DENNIS CLAYPOOL, SHERYL CLAYPOOL, individually and as Guardian ad Litem for KRISTEN CLAYPOOL, a minor, SCOTT CLAYPOOL, AND KRISTEN CLAYPOOL, | CIVIL NO. 04-00570 HG-BMK |

130349.1

EXHIBIT " H "

|  |  |
|---|---|
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| CAPTAIN ANDY'S SAILING INC., | ) |
| BLUE DOLPHIN CHARTERS, LTD. | ) |
| AND BLUE DOLPHIN DVING, | ) |
| LTD. | ) |
|  | ) |
| Defendants. | ) |

### DECLARATION OF CHERYL PETERSON LILLEY

1. I am a claims examiner for York Claim Service, Inc., the third party administrator for Lexington Insurance Company, and the administrator for the claims asserted in this action and in the related action asserted by Dennis Claypool and family members.

2. The law firm of Goodsill Anderson Quinn & Stifel ("GAQ&S") was retained by Lexington to represent the interests of Blue Dolphin Charters, Ltd. ("BDC") as to claims asserted by the Claypools.

3. Prior November 19, 2004, I had informed GAQ&S that Lexington would not be providing BDC with a defense as to the claims asserted by Matthew Isham and his family members, but that Lexington would not object to GAQ&S representing BDC under separate arrangement with BDC and its owner, Terry Donnelly.

130349.1

2

4.  At no time did I or anyone from Lexington instruct or authorize GAQ&S to defend BDC as to the claims asserted by Isham against BDC under a Lexington policy.

6.  Following being informed of Lexington's coverage position, and upon my instruction, Terry Donnelly and BDC were billed separately by GAQ&S as to work they performed on behalf of BDC in the Isham Seaman's Complaint.

7.  Lexington was informed by GAQ&S that the limitations action was necessary in order to seek to limit the liability of BDC to the value of the vessel.

8.  At no time prior to the limitation action being filed or the bond therein being posted was Lexington ever informed that the purpose of the limitations action was to avoid a jury trial, or to otherwise obtain a procedural advantage.

9.  At no time prior to the limitation action being filed or the bond therein being posted was Lexington ever informed that limitation of liability could be achieved by asserting same as a defense, without the need for filing a separate limitation action.

I, Cheryl Peterson Lilley, do declare under penalty of perjury that the following is true and correct.

Executed at Longwood, Florida, this 20th day of January 2005.

*Cheryl Peterson Lilley*
CHERYL PETERSON LILLEY