HAROLD G. HOPPE        5049
733 Bishop Street, Suite 2300
Honolulu, HI 96813
Telephone:    (808) 528-1903

JOHN R. HILLSMAN        71220
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA   94133
Telephone:    (415) 421-9292

Attorneys for Dennis Claypool,
Sheryl Claypool, Scott Claypool, and Kristen Claypool

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL,<br><br>Plaintiffs,<br>vs.<br><br>CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC.,<br><br>Defendants. | Civil No. CV04 00570 HG- BMK<br>[3 Consolidated Cases]<br><br>**DECLARATION OF JOHN R. HILLSMAN IN SUPPORT OF THE CLAYPOOL PLAINTIFFS' MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT**<br><br>*IN CAMERA SUBMISSION FILED UNDER SEAL PURSUANT TO L.R. 10.2(f).* |

| | |
|---|---|
| MATTHEW ISHAM, individually and as Guardian ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>        Plaintiffs,<br>vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC.,<br><br>        Defendants. | ) CIVIL NO. CV04-00559 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082212, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | ) Civil No. CV05-00037 HG BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    I, JOHN R. HILLSMAN, hereby state and affirm that:

    1.    I am an attorney at law, admitted to practice by the State of California and *pro hac vice* before this Honorable Court. I am one of the attorneys of record for Claimants/Plaintiffs DENNIS CLAYPOOL, SHERYL CLAYPOOL, SCOTT

CLAYPOOL, and KRISTEN CLAYPOOL in the above-captioned three consolidated cases. In that capacity, I have personally attended all of the depositions that have been conducted in these consolidated cases, including those of Lynda Mitic, Sig Mitic, Donna Cook, David Woolley, Reina O'Neill, Dennis Claypool, Eric Trout, Matt Isham and Megan Langley. I also represented the Claypool Plaintiffs both at the December 16, 2005 law and motion hearing before the Hon. Helen Gillmor and throughout the mandatory settlement negotiations that began in Magistrate Judge Barry Kurren's chambers on December 19, 2005.

    2.    I have reviewed the document attached hereto as Exhibit 1 and can confirm that comprises true and accurate photocopies of the Offer to Allow Money Judgment to Be Taken against Limitation Plaintiff/Defendant Blue Dolphin Charters, Ltd. in Favor of the Claypool Plaintiffs, under Fed.R.Civ.P. that was served herein on December 20, 3005, and the Notice of Acceptance thereof that was served and filed herein on February 6, 2006. The original of those documents currently reside in the Custody of the Clerk of Court. I herewith respectfully offer Exhibit 1 in lieu of those originals under Federal Rules of Evidence 1003 and 1004.

    3.    I have reviewed the document attached hereto as Exhibit 2 and can

confirm that it is a true and accurate photocopy of the Settlement Agreement and Release that was executed between the Claypool Plaintiffs, Captain Andy's Sailing, Inc. and Matt Isham in July of 2005. The original of that document currently resides in the custody and control of Matt Isham's professional liability carrier Lexington Insurance Co. I herewith respectfully offer Exhibit 2 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

4. I have reviewed the document attached hereto as Exhibit 3 and can confirm that it is a true and accurate photocopy of the Settlement Agreement and Release that was executed between the Claypool Plaintiffs and Eric Trout in February of 2006. The original of that document currently resides in the custody and control of Matt Isham's professional liability carrier Lexington Insurance Co. I herewith respectfully offer Exhibit 3 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

5. I have reviewed the document attached hereto as Exhibit 4 and can confirm that it is a true and accurate photocopy of the March 26, 2005 letter, which I received in the course of discovery, that Bernard C.E. Rise, Senior Claims Adjuster for Markel International Insurance Co., Ltd., addressed to Mr. Terry Donnelly, sole owner and chief executive officer of Blue Dolphin Charters, Ltd.

The original of that document currently resides in the custody and control of Matt Isham's professional liability carrier Lexington Insurance Co. I herewith respectfully offer Exhibit 4 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

6. I have reviewed the document attached hereto as Exhibit 5 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Terry Donnelly taken herein on May 17, 2005. I herewith respectfully offer Exhibit 5 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

7. I have reviewed the document attached hereto as Exhibit 6 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Megan Langley taken herein on March 31, 2005. I herewith respectfully offer Exhibit 6 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

8. I have reviewed the document attached hereto as Exhibit 7 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Eric Trout taken herein on March 30, 2005. The CLAYPOOL Claimants herewith respectfully offer Exhibit 7 in lieu of the original

thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

9. I have reviewed the document attached hereto as Exhibit 8 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Matthew Isham taken herein on May 3, 2005. I herewith respectfully offer Exhibit 8 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

10. I have reviewed the document attached hereto as Exhibit 9 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of David Woolley taken herein on March 29, 2005. The CLAYPOOL Claimants herewith respectfully offer Exhibit 9 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

11. I have reviewed the document attached hereto as Exhibit 10 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Reina O'Neill taken herein on March 31, 2005. I herewith respectfully offer Exhibit 10 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

12. I have reviewed the document attached hereto as Exhibit 11 and can

confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Dennis Claypool taken herein on April 22, 2005. I herewith respectfully offer Exhibit 11 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

  13. I have reviewed the document attached hereto as Exhibit 12 and can confirm that it is a true and accurate photocopy of the April 28, 2005 Expert Witness Report that was prepared for use in these consolidated cases, at my request, by Tom S. Neuman, M.D., FACP, FACPM, pursuant to Fed.R.Civ.P. 26(a)(2)(B). The original of that document currently resides in the custody and control of my office. I herewith respectfully offer Exhibit 12 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

  14. I have reviewed the document attached hereto as Exhibit 13 and can confirm that it is a true and accurate photocopy of the May 2, 2005 Expert Witness Report that was prepared for use in these consolidated cases, at my request, by David A. Youngblood, M.D., MPH &TM, FACPM (OM, UMH), pursuant to Fed.R.Civ.P. 26(a)(2)(B). The original of that document currently resides in the custody and control of my office. I herewith respectfully offer Exhibit 13 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

DECLARATION OF JOHN R. HILLSMAN IN SUPPORT OF THE CLAYPOOL
PLAINTIFFS' MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT  7

15.  I have reviewed the document attached hereto as Exhibit 14 and can confirm that it is a true and accurate photocopy of the January 19, 2006 Medical Report that was prepared for use in these consolidated cases by defense IME Robert E. Atkinson, M.D., pursuant to Fed.R.Civ.P. 35(b)(2). The original of that document currently resides in the custody and control of counsel for Defendant Blue Dolphin Charters, Ltd. I herewith respectfully offer Exhibit 14 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

16.  I have reviewed the document attached hereto as Exhibit 15 and can confirm that it is a true and accurate photocopy of the February 6, 2006 Expert Witness Report that was prepared for use in these consolidated cases, at my request, by Martin Blinder, M.D., pursuant to Fed.R.Civ.P. 26(a)(2)(B). The original of that document currently resides in the custody and control of my office. I herewith respectfully offer Exhibit 15 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

17.  I have reviewed the document attached hereto as Exhibit 16 and can confirm that it is a true and accurate photocopy of the February 21, 2006 Expert Witness Report that was prepared for use in these consolidated cases, at my request, by Patrick F. Kennedy, Ph.D., pursuant to Fed.R.Civ.P. 26(a)(2)(B). The

original of that document currently resides in the custody and control of my office. I herewith respectfully offer Exhibit 16 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

18.   I have reviewed the document attached hereto as Exhibit 17 and can confirm that it is a true and accurate photocopy of the November 29, 2005 Declaration of Sheryl Claypool in Opposition to Limitation Plaintiffs' Motion for Partial Summary Judgment. The original of that document currently resides in the custody and control of the Clerk of Court. I herewith respectfully offer Exhibit 17 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

19.   I have reviewed the document attached hereto as Exhibit 18 and can confirm that it is a true and accurate photocopy of the November 29, 2005 Declaration of Kristen Claypool in Opposition to Limitation Plaintiffs' Motion for Partial Summary Judgment. The original of that document currently resides in the custody and control of the Clerk of Court. I herewith respectfully offer Exhibit 18 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

20.   I have reviewed the document attached hereto as Exhibit 19 and can confirm that it is a true and accurate photocopy of the November 29, 2005 Declaration of Scott Claypool in Opposition to Limitation Plaintiffs' Motion for

Partial Summary Judgment. The original of that document currently resides in the custody and control of the Clerk of Court. I herewith respectfully offer Exhibit 19 in lieu of that original pursuant to Federal Rules of Evidence 1003 and 1004.

21. I have reviewed the document attached hereto as Exhibit 20 and can confirm that it is photocopies of the pertinent excerpts of the transcript of the deposition of Lynda Mitic taken herein on September 30, 2005. I herewith respectfully offer Exhibit 20 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

22. I have reviewed the document attached hereto as Exhibit 21 and can confirm that it is a true and accurate photocopy of the indicated extracts from the transcript of the deposition of Donald Cook taken herein on September 30, 2005. I herewith respectfully offer Exhibit 21 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

23. I have reviewed the document attached hereto as Exhibit 22 and can confirm that it is a true and accurate photocopy of the accounting that Plaintiff Dennis Claypool's medical insurance carrier CIGNA Health Care prepared, at my request, of all the medical, surgical, pharmaceutical and therapeutic expenses that it had paid out on Dennis' behalf as of May 25, 2005 on account of the July 20,

2004 accident at Makol'e. The original of that document resides in the custody and control of my office. I herewith respectfully offer Exhibit 22 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

24.   I have reviewed the document attached hereto as Exhibit 23 and can confirm that it is a true and accurate photocopy of the May 18, 2005 Medical Report that Dennis Claypool's treating orthopedic surgeon, Scott F. Duncan, M.D., prepared, at my request, for use in these consolidated cases. The original of that document resides in the custody and control of my office. I herewith respectfully offer Exhibit 23 in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004.

26.   These cases were consolidated by order of Judge Gillmor in August of 2005, and set for an April 16, 2006 trial. In anticipation of that trial, the Claypools and Blue Dolphin Charters, Ltd. ("BDC") filed cross motions against one another under Fed.R.Civ.P 56. The Claypools asked Judge Gillmor to dismiss BDC's limitation claim on the ground that the *M/V Blue Dolphin* was not carrying a proper dive flag at the start the accident voyage. BDC asked Judge Gillmor to dismiss Sheryl, Scott and Kristen Claypool's claims for negligent infliction of emotional distress ("NIED") on the ground that those plaintiffs were not

swimming in the "zone of danger." Both motions were argued on December 16, 2005. At the hearing Judge Gillmor indicated that she would probably send the Claypools' NIED claims to the jury. For their part, counsel for BDC admitted that the *Blue Dolphin* was not carrying the dive flag required by Inland Rule 27. The Court took both motions under submission, but sent the parties to a specially scheduled settlement conference before Magistrate Judge Kurren. That conference began on December 19, 2005, and continued under Magistrate Judge Kurren's supervision (sometimes over the phone and sometimes in chambers) until February 7, 2006, when the Claypools agreed to the terms of the settlement memorialized in Exhibit 3, and accepted the offer of judgment memorialized in Exhibit 1. As part of that settlement, the Claypools have given BDC a covenant not to execute in return for an assignment of some of BDC's first party rights against the Markel International Insurance Co., Ltd. By the time this settlement had finally been worked out, however, I had returned home to California. Rather than simply place our settlement on the record, as the parties did in *Weber v. Pacific Indemnity Insurance Co.*, 345 F.Supp.2d 1139 (D. Haw, 2004), I therefore requested and received leave from Magistrate Judge Kurren to make the instant Motion for Approval of Good Faith Motion.

I have reviewed the foregoing declaration, and can confirm under penalty of perjury that the facts and opinions contained therein are true and correct, and personally known to me, and that if I were called as a witness herein, I could competently so testify under oath.

Executed on this 7th day of April, 20065, in the City and County of San Francisco, State of California.



John R. Hillsman

---

DECLARATION OF JOHN R. HILLSMAN IN SUPPORT OF THE CLAYPOOL
PLAINTIFFS' MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT           13