# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by and between Dennis Claypool and Sheryl Claypool, both individually and as guardian ad litem for Scott Claypool and Kristen Claypool and each of their assigns, heirs, spouse, children, employees, agents past and present (hereinafter referred to as the "CLAYPOOLS") and Matthew Isham ("ISHAM"), both individually and as an employee of Blue Dolphin Charters, Ltd./Blue Dolphin Diving, Ltd. ("BDC"), as well as BDC and Captain Andy's Sailing, Inc. ("CAPTAIN ANDY") and their respective insurers, officers, partners, affiliates, parent companies, subsidiaries, successors, administrators, beneficiaries, assigns, heirs, employees, actual agents, implied agents, ostensible agents, past and present, and attorneys, with reference to the following:

## 1.0 RECITALS

1.1    The following action has been filed in the United States District Court: Case No. CV04-00570 ACK/KSC and entitled *Dennis Claypool, et al. v. Captain Andy's Sailing, Inc., et al.* and related cross actions (hereinafter referred to as the "LAWSUIT").

1.2    The CLAYPOOLS allege that on or about July 20, 2004, an accident occurred during a scuba/snorkeling tour along the Na Pali Coast of Kauai, Hawaii, which resulted in injury and damages to the CLAYPOOLS. Thereafter, the CLAYPOOLS filed the LAWSUIT, naming BDC and CAPTAIN ANDY as defendants. CAPTAIN ANDY filed a "Third Party Complaint" against ISHAM, who denied the allegations. The allegations in the LAWSUIT were also denied by the defendants in that action.

EXHIBIT 2

1.3    Subject to the terms and conditions of this Agreement, the CLAYPOOLS and ISHAM wish to enter into a settlement with each other with respect to the facts, circumstances, and events referred to in the LAWSUIT with respect to the claims and allegations made against ISHAM and ISHAM only.

1.4    These disputes and controversies include, but are not limited to the following: (a) the CLAYPOOLS' Complaint against ISHAM; (b) ISHAM's Answer in the LAWSUIT, and; (c) CAPTAIN ANDY's "Third Party Complaint" against ISHAM. The foregoing list is not exhaustive, but descriptive of certain specific matters which are included in the subject of this Agreement. The absence of any matter from the foregoing list shall not and is not intended to limit the scope of the waivers, release and other covenants that are set forth below.

1.5    Such disputes and controversies also include any and all claims, demands, causes of action, loss and liability of every type and nature whatsoever whether known or unknown, suspected or unsuspected, which relate or pertain to those claims and allegations made against ISHAM in the LAWSUIT and any and all relationships and/or dealings of every type and nature by and between the CLAYPOOLS, CAPTAIN ANDY and ISHAM with respect to those matters referred to in the LAWSUIT.

1.6    Without admitting the validity of any claim, dispute, or controversy, it is the intention of the parties hereto to settle and dispose of, fully and completely, any and all claims, disputes and controversies.

## 2.0 PAYMENTS

2.1    The CLAYPOOLS acknowledge that the total settlement sum for the settlement between the CLAYPOOLS and ISHAM is $1,000,000.00 (One Million

dollars and zero cents.)

2.2   The CLAYPOOLS, in consideration of the above-referenced total settlement sum and other good and valuable consideration, receipt of which is hereby acknowledged, agree to refrain from filing or making any claim, suit or prayer whatsoever against ISHAM arising from the claims described in Paragraph 3.1.

2.3   CAPTAIN ANDY hereby release ISHAM from their third-party complaint and agree to execute a STIPULATION FOR DISMISSAL WITH PREJUDICE AS TO ALL CLAIMS, and any and all other necessary court filings and documents to effect the same as to any and all claims asserted against ISHAM therein.

### 3.0 WAIVER OF CLAIMS

3.1   IT IS UNDERSTOOD BY THE CLAYPOOLS THAT THIS AGREEMENT EXTENDS TO ALL CLAIMS OF EVERY NATURE AND KIND WHATSOEVER, KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, REGARDING OR ARISING OUT OF THE AFOREMENTIONED LAWSUIT AND THE FACTS, OCCURRENCES, AND TRANSACTIONS ON WHICH THE LAWSUIT IS BASED,

3.2   It is further understood by the CLAYPOOLS and CAPTAIN ANDY hereto that the facts with respect to this Agreement may hereafter turn out to be other than, or different from the facts now known to CLAYPOOLS and/or CAPTAIN ANDY or believed by the CLAYPOOLS and/or CAPTAIN ANDY to be true, and the CLAYPOOLS and/or CAPTAIN ANDY therefore expressly assume the risk of the facts turning out to be different and agree that this Agreement shall be in all respects effective and not subject to termination or rescission by any such difference in facts.

## 4.0 NO ADMISSION

4.1    This Agreement is a compromise and settlement of disputed claims among the parties hereto and the settlement herein shall not be construed as an admission of liability by ISHAM hereto.

4.2    It is expressly understood and agreed that this Agreement is the result of a compromise of disputed claims and that ISHAM denies any liability whatsoever to the CLAYPOOLS or CAPTAIN ANDY, but in executing this Agreement, it is the intention of CLAYPOOLS and CAPTAIN ANDY to fully and finally dispose of any and all claims that exist or may hereafter exist arising out of or in any manner connected with or related to the LAWSUIT and/or the facts, occurrences, or transactions on which the LAWSUIT is based with respect to ISHAM, and ISHAM only.

4.3    It is expressly understood and agreed that this Agreement constitutes a compromise of disputed claims involving legal and factual questions and is not to be construed as an admission of liability on the part of ISHAM. It is the desire and intention of the CLAYPOOLS and ISHAM to effect a formal settlement and resolution of all existing disputes and claims, regardless of their nature, with respect to the LAWSUIT and LIMITATION ACTION and the subjects thereof.

## 5.0 OBLIGATIONS

5.1    The CLAYPOOLS acknowledge that the above-referenced total settlement sum will be held by defense counsel for ISHAM, pending execution of this Agreement by CLAYPOOLS and CAPTAIN ANDY and the execution of a

Stipulation of Dismissal with prejudice of this action by CAPTAIN ANDY. The settlement sum represents the full payment and satisfaction of all claims of any nature and kind, known or unknown, suspected or unsuspected to exist against ISHAM, and arising out of the subject LAWSUIT.

## 6.0 RELEASE OF CLAIMS

6.1    In consideration of the settlement of the above LAWSUIT and of the covenants, promises, terms and conditions herein, the CLAYPOOLS and CAPTAIN ANDY hereby release, discharge and acquit ISHAM from any and all claims, demands, sums of money, actions, rights, losses, causes of action, liens, loss of profits, compensation, agreements, contracts, covenants, suits, obligations, controversies, debts, costs, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature, in law or equity or admiralty or *in rem* or otherwise, whether now known, suspected or unsuspected, and whether or not concealed or hidden, which have existed, may have existed, do exist or which hereinafter can, shall, or may exist (including, but without in any respect limiting the generality of the foregoing) any and all claims that were or might have been made against ISHAM, pertaining to or arising out of those matters, incidents, relationships, occurrences, or transactions occurring as a result of the accident which occurred on or about July 20, 2004, the facts and circumstances of which are more specifically set forth and alleged in the LAWSUIT.

## 7.0 ADVICE OF COUNSEL

7.1    In executing this Agreement, the CLAYPOOLS and CAPTAIN ANDY acknowledge that, for themselves, each of them consulted with and received the

advice of legal counsel duly admitted to practice in the State of Hawaii, and that the CLAYPOOLS and CAPTAIN ANDY, and each of them, executed this Agreement after such consultation and with the opportunity to perform an independent investigation without fraud, duress, or undue influence.

## 8.0 NO ASSIGNMENT

8.1     The CLAYPOOLS and CAPTAIN ANDY represent and warrant that neither the CLAYPOOLS nor CAPTAIN ANDY have assigned or otherwise transferred or subrogated any interest in any claims which are the subject matter hereto and that the CLAYPOOLS or CAPTAIN ANDY may have against ISHAM. The CLAYPOOLS and CAPTAIN ANDY agree to indemnify and hold ISHAM harmless from any liabilities, losses, liens, claims, demands, costs, expenses, or attorneys' fees incurred by ISHAM as a result of any person or entity, including, but not limited to, underwriters and insurance carriers asserting such assignment or transfer.

## 9.0 HAWAII LAW

9.1     Except as specifically set forth in Paragraphs 24.1 through 24.4, this Agreement shall be interpreted, enforced and governed under the laws of Hawaii.

## 10.0 FURTHER ASSISTANCE

10.1     The CLAYPOOLS shall hereafter execute all documents and do all acts necessary, convenient or desirable, in the reasonable opinion of ISHAM to effect the provisions of this Agreement.

## 11.0 INTERPRETATION

11.1   Wherever the context so requires, the singular number shall include the plural; the plural shall include the singular; and the masculine gender shall include the feminine and neuter genders.

## 12.0  CAPTIONS

12.1   The captions and headings by which the sections and subsections of this Agreement are identified are for convenience only and shall have no effect whatsoever upon its interpretation.

## 13.0  SEVERABILITY

13.1   If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, then such provision shall be deemed to be severed and deleted, and neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions.

## 14.0 INTEGRATION

14.1   This Agreement (after full execution and delivery) memorializes and constitutes the entire agreement and understanding between The CLAYPOOLS and ISHAM, and supersedes and replaces all prior negotiations, proposed agreement and agreements, whether written or unwritten. The CLAYPOOLS acknowledge that no other party, nor any agent or attorney of any other party, has made any promise,

representation or warranty whatsoever.

## 15.0  TIME OF THE ESSENCE

15.1   Time is expressly declared to be of the essence in connection with all the Parties respective obligations as set forth above.

## 16.0  WARRANTIES; AUTHORITY

16.1   The CLAYPOOLS hereby represent, warrant and agree that ISHAM has made no statement, representation or promise, other than as set forth herein, to the CLAYPOOLS in entering into this Agreement, upon which the CLAYPOOLS have relied in entering into or executing this Agreement. Any representation, warranty, promise or condition, whether written or oral, not specifically incorporated herein shall not be binding upon ISHAM. The CLAYPOOLS acknowledge that in entering into this Agreement, the CLAYPOOLS have not relied upon any representation, promise, or condition not specifically set forth herein.

## 17.0  ATTORNEYS' FEES

17.1   Each party shall bear their own costs and attorneys' fees. If any action is instituted by any party to this Agreement for breach of this Agreement, its terms, or for breach of any warranty or representation herein, or to interpret or enforce this Agreement, then the prevailing party shall be entitled to recover that party's reasonable attorneys' fees and costs incurred.

## 18.0  COUNTERPARTS

18.1    The Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and which taken together shall constitute one and the same instrument.

## 19.0  COMPREHENSION OF TERMS

19.1    The CLAYPOOLS and CAPTAIN ANDY hereto and hereby warrant and represents that, for themselves, both the CLAYPOOLS and CAPTAIN ANDY have read this Agreement in full prior to the CLAYPOOLS' and CAPTAIN ANDY's execution of same, and that the CLAYPOOLS and CAPTAIN ANDY have fully understood each and every provision hereof, and agree to be bound by all of the terms and provisions hereof.

## 20.0  AUTHORITY: VALID AND BINDING AGREEMENT

20.1    The CLAYPOOLS and CAPTAIN ANDY hereby represent and warrant to ISHAM and to the parties' respective counsel, that the CLAYPOOLS and CAPTAIN ANDY have full power and authority to enter into this Agreement and that this Agreement is a legal, valid and binding obligation of the CLAYPOOLS and CAPTAIN ANDY.

## 21.0  FACTS MAY BE DIFFERENT

21.1    The CLAYPOOLS hereby acknowledge and agree that any and all of

the facts and circumstances relevant to this Agreement may be other than or different from the facts or beliefs now known or believed by the CLAYPOOLS, and that nevertheless the releases, promises and covenants made herein shall be binding, effective, and enforceable.

### 22.0 AMENDMENT

22.1   This Agreement may be amended or modified only by a subsequent agreement in writing between or among the parties.

### 23.0 EFFECTIVENESS

23.1   This Agreement is effective upon its execution by the CLAYPOOLS and CAPTAIN ANDY.

### 24.0 AGREEMENT TO CREDIT SETTLEMENT FUNDS PAID BY ISHAM TO BLUE DOLPHIN CHARTERS LTD/BLUE DOLPHIN DIVING, LTD.

24.1   As part of the consideration for this Agreement, the CLAYPOOLS, and each of them, warrant and agree that they will credit to BDC, and its owner Terry Donnelly, on a pro tanto or dollar for dollar basis, any amounts paid by ISHAM or by his insurers on his behalf which exceed his proportionate share of fault, which will be determined by the jury at the time of trial.

24.2 The CLAYPOOLS agree that neither BDC nor Terry Donnelly will be penalized pursuant to this agreement, if, at the time of trial, it is determined that the settlement paid by ISHAM or by his insurers on his behalf is less than his

proportionate share of fault.

24.3 The above agreement contemplates that all parties, including ISHAM, whether released from the litigation or not, will appear on an appropriate special verdict form at the time of trial such that the proportionate liability of all parties can be determined in order to effectuate this section.

24.4 The CLAYPOOLS hereby acknowledge and accept that the above agreement modifies the rule of proportionate fault for Admiralty and Maritime cases as set forth in McDermott, Inc. v. AmClyde (1994) 511 U.S. 202.

### 25.0 CONFIDENTIALITY

25.1 The terms of this Agreement, including but not limited to the amount of consideration paid by ISHAM and/or received by the CLAYPOOLS, shall be forever confidential as to third parties and/or non-parties to this Agreement, save for specific disclosures mandated by operation of law. The Parties agree that this Confidentiality provision shall be enforceable at law.

### 26.0 INDEMNIFICATION/HOLD HARMLESS

26.0 The CLAYPOOLS, and each of them, agree to indemnify and hold ISHAM harmless from any and every claim, medical lien, attorney lien, tax lien, or similar demand or interest, of every kind and that may ever be asserted by reason of the LAWSUIT; the facts, occurrences, or transactions on which the LAWSUIT is based; or the alleged injuries, illness or diseases, losses, damages, consequences or effects related thereto.

### 27.0 NO PARTY DEEMED DRAFTER

27.1   The Parties agree that no party shall be deemed to be the drafter of this Agreement, or any of its particular provisions, and further that in the event that this Agreement is ever construed by a court of law, such court shall not construe this Agreement or any provision of this Agreement against any party as the drafter of this Agreement.

WHEREFORE, the CLAYPOOLS, CAPTAIN ANDY and ISHAM hereto execute this Agreement on the day and year first indicated below.

DATED: 7/12/ , 2005

*(signature)*
Plaintiff, DENNIS CLAYPOOL
(For Himself and as Guardian Ad Litem for plaintiffs SCOTT CLAYPOOL and KRISTEN CLAYPOOL)

DATED: 7/12/ , 2005

*(signature)*
Plaintiff, SHERYL CLAYPOOL

DATED: _____, 2005

Defendant and Third Party Plaintiff, ANDY EVANS (both for himself and on behalf of CAPTAIN ANDY'S SAILING)

DATED: _____, 2005

Third Party Defendant, MATTHEW ISHAM.

-12-

07/08/2005 15:07  2005452965  FRAMEFORMBYOKANE  PAGE 01
07/08/2005 15:15  8083358  CAPT ANDYS SAILING  PAGE 01
07/08/2005 14:56  808  3065  FRAMEFORMBYOKANE AAL  PAGE 02/02

27.1  The Parties agree that no party shall be deemed to be the drafter of this Agreement, or any of its particular provisions, and further that in the event that this Agreement is ever construed by a court of law, such court shall not construe this Agreement or any provision of this Agreement against any party as the drafter of this Agreement.

WHEREFORE, the CLAYPOOLS, CAPTAIN ANDY and ISHAM hereto execute this Agreement on the day and year first indicated below.

DATED: _____, 2005

Plaintiff, DENNIS CLAYPOOL (For Himself and as Guardian Ad Litem for plaintiffs SCOTT CLAYPOOL and KRISTEN CLAYPOOL)

DATED: _____, 2005

Plaintiff, SHERYL CLAYPOOL

DATED: July 8, 2005

*[signature]*

Defendant and Third Party Plaintiff, ANDY EVANS (both for himself and on behalf of CAPTAIN ANDY'S SAILING)

DATED: _____, 2005

Third Party Defendant, MATTHEW ISHAM.

-12-

**SETTLEMENT APPROVED AS TO FORM:**

DATED: *July 8* 2005.        By: _____
                                  Attorneys for Plaintiffs,
                                  JOHN HILLSMAN, ESQ.


DATED: *July 12,* 2005.      By: _____
                                  Attorneys for Defendant Captain
                                  Andy Sailing, Inc., MICHAEL
                                  FORMBY, ESQ.


DATED:_____ 2005.     By: _____
                                  Attorneys for Third Party
                                  Defendant and Rule F(5)
                                  Claimant, Matthew Isham,
                                  STEPHEN L. HEWITT, ESQ.