HAROLD G. HOPPE   5049
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2300
Honolulu, HI   96813
Telephone:   (808) 528-1903
Facsimile:   (808) 531-3860

JOHN R. HILLSMAN   71220
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA   94133
Telephone:   (415) 421-9292
Facsimile:   (415) 403-0202

Attorneys for Dennis Claypool,
Sheryl Claypool, Scott Claypool and Kristen Claypool

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL,<br>　　　　　Plaintiffs,<br>　　vs.<br>CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC.,<br>　　　　　Defendants. | Civil No. CV04 00570 HG- BMK<br><br>DECLARATION OF RUSSELL PETRINI |

| | |
|---|---|
| MATTHEW ISHAM, individually and as Guardian ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>        Plaintiffs,<br>  vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC.,<br><br>        Defendants. | ) CIVIL NO. CV04-00559 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082212, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | ) Civil No. CV05-00037 HG BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, RUSSELL PETRINI, hereby state and affirm that:

1. I am an adult resident of the State of Arizona. I have been a personal friend of Dennis Claypool for about 4 years. I am very familiar with his pre-

accident activities, social and professional, his physical abilities before the July 20,2004 accident in Kauai, and his physical limitations after it.

    2.    Dennis and I attend the same church. I have seen Dennis preform many activities for this church and its members. I am familiar with the charitable things Dennis used to due for our church before the accident, and his inability to do them after it.

    3.    I have been a professional trade contractor for many years. I have completed a large number of construction projects and have become very knowledgeable in the use of tools. I am familiar with the abilities necessary to complete construction tasks. I am also familiar with the abilities needed to operate various tools.

    4.    Dennis owns 4 residential rental properties. Before the accident, Dennis did almost all of the maintenance on these apartment buildings personally. He was very handy. This work included retooling the locks, making the keys, installing and maintaining the roofing, painting the interiors, replacing the air conditioning units, disposing of leftover belongings, dry walling, installing and maintaining the plumbing, and installing and maintaining the electricity. Since the accident, Dennis is no longer capable of doing any of these things. He is now forced to hire outside help. Dennis genuinely enjoyed working on his properties. It is obvious that he is both frustrated and saddened by the fact that he can no

longer do this.

5.  Dennis owns an exceptionally large collection of tools. These tools include a hammer, screw driver, sledge hammer, mallet, axe, nail gun, lawn mower, needle nose pliers, circle saw, router, jig saw, wrench, key machine, lock pick, shovel and scissors. Before the accident, Dennis used to enjoy using these tools and did professional quality work with them. His love for tools was so complete, his 50th surprise birthday party was held at a local "Home Depot," and a group of his friends use to refer to him as "Noah," because he owned two of every tool. Since the accident, Dennis can no longer operate any of the tools I listed above, or 85% of his other tools in the way he used to. It is very easy to see how much this inability bothers him.

6.  Before the accident, Dennis used to frequently help other members of our congregation. On one occasion, he remodeled an entire home (including removing a stair case,) so it would be better suited for a gentleman with Parkinson's disease. Since the accident, Dennis is no longer capable of providing this type of help.

7.  Before the accident, Dennis and I used to play golf about 2 to 3 times a month. Since the accident, he is no longer able to play this sport. Dennis used to love golf and it is obvious how much he misses it.

8.  Before the accident, Dennis used to play volleyball about 4 to 5 times

a month. Since the accident, he is no longer able to play this sport.

9. Before the accident, Dennis used to play racquet ball about 3 times a week. Since the accident, he is no longer able to play this sport.

10. Before the accident, Dennis used to lift weights about 3 times a week. Since the accident, he is no longer capable of doing the same exercises.

11. Before the accident, Dennis and I used to go hunting about 5 to 6 times a year. This trip was very important to us both. Since the accident, Dennis is no longer capable of making these hunting trips.

12. Before the accident, Dennis used to go fishing about 5-6 times a year. Since the accident, he cannot bait a hook, and no longer fishes.

13. Before the accident, Dennis Claypool used to go camping with friends and family about 6 to 7 times a year. Since the accident, he is no longer capable of making these camping trips. Dennis loves the outdoors and playing sports. The fact that he can no longer enjoy either of these things causes him a great deal of pain.

14. I helped home nurse Dennis immediately after his second surgery. It was obvious to me that he was in a great deal of pain at this time, and continues to suffer today. Dennis was, and is, a great friend. It is very difficult for me to see him in this condition.

I have reviewed the foregoing declaration, and can confirm under penalty of

perjury under the laws of the State of Hawaii that the facts and opinions contained therein are true and correct, and personally known to me, and that if I were called as a witness herein, I could competently so testify under oath.

Executed on this 5 day of April, 2006, in the City of Mesa, State of Arizona.

_____
Russell Petrini

State of Arizona }
                 } ss
County of Maricopa }

On April 5, 2006 before me, Deborah Tweeten, personally appeared Russell Petrini, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person executed the instrument.

OFFICIAL SEAL
DEBORAH TWEETEN
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 3, 2006

WITNESS my hand and official seal.

_____
Signature of Notary Public