CARLSMITH BALL LLP

**ORIGINAL**

STEPHEN C. SMITH                  8222
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842
scsmith@carlsmith.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 02 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

Attorney for Proposed Intervenor
MARKEL INTERNATIONAL
INSURANCE CO., LTD.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

DENNIS CLAYPOOL, individually and
as Guardian Ad Litem for KRISTEN
CLAYPOOL, a minor, SHERYL
CLAYPOOL, SCOTT CLAYPOOL,
and KRISTEN CLAYPOOL,

            Plaintiffs,

      vs.

CAPTAIN ANDY'S SAILING, INC.,
BLUE DOLPHIN CHARTERS, LTD.
and BLUE DOLPHIN DIVING, INC.,

            Defendants.

_____

MATTHEW ISHAM, individually and
as Guardian Ad Litem for HAYDEN
ISHAM, a minor, ROXANNE BEST
ISHAM,

            Plaintiffs,

CIVIL NO.  CV04-00570 HG-BMK

**PROPOSED INTERVENOR
MARKEL INTERNATIONAL
INSURANCE CO., LTD.'S
OPPOSITION TO CLAYPOOL
PLAINTIFFS' MOTION FOR
APPROVAL OF GOOD FAITH
SETTLEMENT**

***IN CAMERA SUBMISSION FILED
UNDER SEAL PURSUANT TO
LR10.2(f).***

Accompanying Documents:

1.  Memorandum of Points of Authorities In
    Opposition to Claypool Plaintiffs' Motion for
    Approval of Good Faith Settlement
2.  Certificate of Service

CIVIL NO. CV04-00559 HG-BMK

**Caption continued on next page.**

UNSEALED BY ORDER OF THE COURT
DATE: 6/9/06

SEALED
BY ORDER OF THE COURT

4852-0927-8721.2

169
171
220

vs.

BLUE DOLPHIN CHARTERS, LTD.
and BLUE DOLPHIN DIVING, LTD.,
CAPTAIN ANDY'S SAILING, INC.,

      Defendants.

IN THE MATTER OF THE
COMPLAINT OF BLUE DOLPHIN
CHARTERS, LTD. AND TERRY
CONNELLY, AS OWNERS OF THE
VESSEL M/V BLUE DOLPHIN, O/N
1082212, FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY

CIVIL NO. CV05-00037 HG BMK

DATED:  Honolulu, Hawaii, June 2, 2006.

_____
STEPHEN C. SMITH
Attorney for Proposed Intervenor
MARKEL INTERNATIONAL
INSURANCE CO., LTD.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 2

II.   STATEMENT OF THE CASE ................................................................... 2

    A.    The Accident .................................................................................... 3

    B.    Underlying Actions .......................................................................... 4

    C.    Blue Dolphin's Tender of Defense ................................................... 5

    D.    Markel's Declaratory Judgment Action............................................ 6

    E.    Rule 68 Judgment ............................................................................ 7

III.  ARGUMENT ............................................................................................ 7

    A.    The *Troyer* Test Is Inapplicable to This Case ................................ 7

    B.    Movants Seek a Remedy Which Is Unavailable Under the
        Federal Rules of Civil Procedure ..................................................... 8

    C.    Markel Should Not Be Estopped from Conducting Discovery
        Into the Underlying Facts of This Case ........................................... 12

IV.   CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Crossman v. Maccoccio,* 792 F.2d 1 (1st Cir. 1986)..........................................11, 12

*Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372 (11th Cir. 1986).........12

*In The Matter of Pacific Adventures*, 5 F. Supp. 2d 874 (D. Haw. 1998).................7

*Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991).........................................9, 10, 11

*Oates v. Oates*, 866 F.2d 203, 208 (6th Cir.), *cert. denied*, 490 U.S. 1109 (1989).10

*Shorter v. Valley Bank & Trust Co.,* 678 F. Supp. 714 (D.C. Ill. 1988) .................10

*Swift & Co. v. United States*, 276 U.S. 311 (1928) ..................................................12

*Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003) .................................................7

## Rules

Fed. R. Civ. P. 4 ........................................................................................................11
Fed. R. Civ. P. 59 ......................................................................................................11
Fed. R. Civ. P. 60 ......................................................................................................11
Fed. R. Civ. P. 68 ......................................................................................................11

## Other Authorities

C. Wright and A. Miller, *Federal Practice and Procedure*, § 3005 (2005)............10

S. Braicker-McKee, W. Janssen, J. Corr, *Federal Civil Rules Handbook,* at 1037
    (West, 2006)..........................................................................................................10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL, | CIVIL NO.  CV04-00570 HG-BMK |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO CLAYPOOL PLAINTIFFS' MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT** |
| vs. | |
| CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC., | ***IN CAMERA SUBMISSION FILED UNDER SEAL PURSUANT TO LR10.2(f).*** |
| Defendants. | |
| MATTHEW ISHAM, Individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor, ROXANNE BEST ISHAM, | CIVIL NO. CV04-00559 HG-BMK |
| Plaintiffs, | |
| vs. | |
| BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., | |
| Defendants. | |
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY | CIVIL NO. CV05-00037 HG BMK |

CONNELLY, AS OWNERS OF THE
VESSEL M/V BLUE DOLPHIN, O/N
1082212, FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO CLAYPOOL PLAINTIFFS' MOTION
## FOR APPROVAL OF GOOD FAITH SETTLEMENT

## I.    INTRODUCTION.

Proposed Intervenor Markel International Insurance Company Ltd.

("Markel") rejects the collusive attempt of the Claypool Plaintiffs and Blue

Dolphin Charters, Ltd. ("Blue Dolphin") to bind Markel to a settlement which has

little support based on the limited facts available.   Because the case was not tried,

Markel is entitled to litigate contested issues of fact before any settlement may be

deemed "reasonable."

## II.    STATEMENT OF THE CASE.

This matter arises out of a scuba diving incident which occurred on July 20,

2004.  While diving from the *M/V Blue Dolphin* off the coast of Kauai, Hawaii, the

dive instructor, Matthew Isham ("Isham"), and one of the student scuba divers,

Dennis Claypool ("Claypool"), sustained severe injuries when they were struck by

the keel and propeller of a passing vessel, *The Spirit of Kauai*.  Isham lost his leg,

and Claypool's arm was nearly severed at the elbow.

A.   **The Accident**

Blue Dolphin Charters, Ltd., and Blue Dolphin Diving, Inc. are the

owner/operators of the *M/V Blue Dolphin*. On the day of the accident, the *Blue*

*Dolphin* had in excess of forty passengers, a captain, and a three-man crew:  the

captain, Dave Lambdin, the safety officer (and Markel's insured), Megan Langley,

the dive instructor, Matthew Isham, and the life guard, Eric Trout.

Ms. Langley stated at her deposition on March 31, 2005, that the safety

officer remains on board the vessel while divers are in the water. Her primary

duties involved ensuring the safety of the passengers during transit and supervising

the snorkelers while they are in the water. She teaches the customers how to

snorkel, assists with snorkeling and, overall, ensures that the customers have an

enjoyable time. As a safety officer, she did not have any duties with respect to the

scuba divers. This responsibility was borne exclusively by the dive instructor,

Matthew Isham. Although, if the scuba divers or instructors request any type of

assistance while they are in the water, the safety officer will assist them in any way

that she can, in fact, on the date of the accident, Ms. Langley did not participate in

the pre-dive briefing, instruction, or supervision of the four customers who

participated in scuba diving.

On July 20, 2004, the *Blue Dolphin* transported approximately forty

snorkelers and four scuba divers to Mokol'e Bay off the coast of Kauai. Dennis

Claypool and Scott Claypool were going to take the scuba tour with Isham and

Dennis's wife and daughter, Sheryl and Kristen Claypool, were going to snorkel.

The accident occurred while the *Blue Dolphin* was moored at Mokol'e Bay,

when the *Spirit of Kauai* traveled within the vicinity of the Blue Dolphin at

approximately 10-15 knots, and struck Isham and Dennis Claypool just at the

moment that they surfaced. The injured divers were transported to a cruise ship

moored nearby and then air-lifted to the hospital.

**B.    Underlying Actions**

The accident generated five lawsuits. In September, 2004, both Isham and

the Claypools filed lawsuits against the owners and operators of *The Blue Dolphin*

and *The Spirit of Kauai*. In response, each vessel owner filed maritime limitation

actions. Additionally, the Blue Dolphin Charter's vessel insurer, Royal Marine,

filed a declaratory judgment action based on the policy's in-water exclusion and

alleged misrepresentations made by Blue Dolphin in its application for insurance

(Royal Marine claims that Blue Dolphin failed to advise in its application that the

vessel was to be used for scuba diving and snorkeling). All actions were filed in

the United States District Court for the District of Hawaii. As Isham's insurer

under a PADI professional scuba instructor policy, Lexington Insurance Company

defended Blue Dolphin in the personal injury actions.

### C.   Blue Dolphin's Tender of Defense

After the claimants discovered at her deposition that Megan Langley was a certificate holder under the NAUI policy issued by Markel, on May 10, 2005, Blue Dolphin tendered defense and indemnity of the Isham and Claypool lawsuits to Markel.  The tender was pursuant to the underwater instructor's professional liability insurance policy issued to NAUI, under which Megan Langley is insured.

The NAUI policy contains an additional insured provision, which lists dive boat operators as additional insureds, but provides:   "additional insured protection shall in all cases be limited in scope to apply only to the regular operations of the named insured of [sic] certificate holder arising out of his or her supervision of, instruction in, and orientation to sanctioned aquatic activities."

The purpose of the additional insured provision in the NAUI policy is to provide certificate holders such as Ms. Langley additional protection by providing vicarious liability coverage to entities such as dive shops or dive boat operators for injuries arising out of the certificate holder's professional services.  This provision is not intended to expand coverage to cover additional insureds for their own negligence or liability of others.

Further, in order for Blue Dolphin to attain additional insured status under the policy, at a minimum, the accident must arise out of Megan Langley's "supervision of, instruction in, and orientation to sanctioned aquatic activities."

Within the definition of "professional services," the policy defines "sanctioned aquatic activities" to mean swimming, snorkeling, and scuba diving. However, the only activity Ms. Langley was associated with was supervising the snorkelers, who were not injured. Therefore the injuries did not arise out of her services. Since the allegations in the Complaints against Blue Dolphin failed to allege that Blue Dolphin's liability arose out of Ms. Langley's supervision of the scuba divers, and Ms. Langley testified that she did not supervise the scuba divers, the additional insured provision was not triggered. Markel issued a denial of coverage letter to Blue Dolphin on May 26, 2005.

### D.    Markel's Declaratory Judgment Action

Markel filed its Declaratory Judgment action against Blue Dolphin, Isham and the Claypools in November 2005. Blue Dolphin asserted a Counterclaim, alleging that Markel refused to settle the case for policy limits even though the value of the case might exceed policy limits, that Markel refused to provide a defense, and that Markel should have either provided a defense to Blue Dolphin or settled the case.

On February 16, 2006, Markel offered to assume Blue Dolphin's defense under a reservation of rights, and on the condition that Blue Dolphin assign its rights against the vessel's P&I carrier, Royal Marine/Great Lakes. Blue Dolphin did not respond to the offer.

### E.    **Rule 68 Judgment**

In late 2005, Blue Dolphin submitted to the Claypools an Offer of Judgment under Fed. R. Civ. P. 68, in the total amount of $1.7 million.  Additional negotiations with another insurer procured an additional $500,000 for the Claypools, who then accepted on February 7, 2006, Blue Dolphin's Rule 68 Offer, and acknowledged the $500,000 as partial satisfaction.  Pursuant to Rule 68, the Judgment was entered on February 17, 2006 for $1.7 million (gross), with a net value of $1.2 million.

## III.    **ARGUMENT.**

### A.    **The *Troyer* Test Is Inapplicable to This Case**

By their own admission, the Claypool Plaintiffs and Blue Dolphin base their Motion for Approval of Good Faith Settlement almost exclusively on a test that is inapplicable to the instant case.  That test was asserted in *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003).  Since the instant case involves federal maritime law, the pronouncements of Hawaii state courts are inapplicable.  *See In The Matter of Pacific Adventures*, 5 F. Supp. 2d 874, 878 (D. Haw. 1998).  Further, *Troyer* addresses a circumstance not even at issue here, *i.e.*, the evaluation of whether a claimant's settlement with a joint tortfeasor was in "good faith," thus releasing the settling tortfeasor from liability as to other joint tortfeasors.  While providing the Claypool Plaintiffs and Blue Dolphin with a convenient framework upon which they seek to weave their desired result, the *Troyer* test is inapposite.

### B. **Movants Seek a Remedy Which Is Unavailable Under the Federal Rules of Civil Procedure**

In this matter, Blue Dolphin extended an Offer of Judgment to the Claypool Plaintiffs under Fed. R. Civ. P. Rule 68. The Claypool Plaintiffs accepted that offer, and the parties notified the clerk that the offer had been accepted, pursuant to Rule 68. (Notice of Acceptance of Offer of Judgment, February 6, 2006). A Judgment on the claims filed by the Claypool Plaintiffs against Blue Dolphin was entered by this Court, on February 13, 2006, noting that the Offer of Judgment had been accepted and cross-referencing the Notice and Offer. (Judgment, February 13, 2006). Notice of the Mailing of that Judgment went out on the same date. (Notice of Mailing, February 13, 2006).

Fed. R. Civ. P. Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. *If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk **shall** enter judgment....*

(Emphasis added).

As indicated, this Court has already rendered a Judgment, as required by Fed. R. Civ. P. Rule 68, upon rendition of notice that the Offer of Judgment was

accepted, in February, 2006. (Judgment, February 13, 2006). Plaintiffs seek a

belated determination from this Court that the Judgment, rendered after they

accepted Defendant's Offer of Judgment is "reasonable." There is nothing within

Rule 68 that requires, contemplates that, or enables the court to determine whether

or not an accepted offer of judgment is "reasonable" or entered into in "good faith."

Rather, the rendition of a judgment accepted by the parties thereto, under Rule 68,

is a ministerial and non-discretionary act, as evidenced by the use of the word

"shall" in the rule. In *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991), the Court

of Appeals made this perfectly clear:

> By directing that the clerk *shall* enter judgment after
> proof of offer and acceptance have been filed, the explicit
> language of the rule signifies that the district court
> possesses no discretion to alter or modify the parties'
> agreement. The Sixth Circuit has indicated that the entry
> of a Rule 68 judgment is ministerial rather than
> discretionary:
>
>> We agree with the plaintiffs that the
>> clerk was required to enter judgment [under
>> Rule 68].... The clerk refused to enter
>> judgment because the parties had not
>> resolved their dispute on whether "costs"
>> included attorney's fees. However, Rule 68
>> does not condition entry of judgment on the
>> resolution of all issues. It explicitly states,
>> "the clerk *shall* enter judgment." (Emphasis
>> added.) Because the court clerk failed to
>> perform the ministerial act of entering
>> judgment, the court should have entered
>> judgment *nunc pro tunc*.

*Id.* at 1279 (citing *Oates v. Oates*, 866 F.2d 203, 208 (6th Cir.), *cert. denied*, 490 U.S. 1109 (1989)).

> From the foregoing it appears that Rule 68 judgments are self-executing. Unlike imposed judgments and ordinary consent judgments, once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement.

922 F.2d at 1279.

As noted in one commentary: "Once a Rule 68 offer is accepted, either party may file the offer and acceptance, and the clerk shall then enter judgment. *In general, it is said that the court has no choice about entering the agreed judgment.*" C. Wright and A. Miller, *Federal Practice and Procedure*, § 3005 (2005) (emphasis added). Another commentary notes:

> Once the offer, notice of acceptance and proof of service are filed with the court, the court must normally enter judgment. Except in circumstances where the literal language of rule 68 conflicts with some other requirement of federal law, *the court has no discretion to refuse to enter judgment.*

S. Braicker-McKee, W. Janssen, J. Corr, *Federal Civil Rules Handbook,* at 1037 (West, 2006) (emphasis added). And, this is not an instance where an exceptional proceeding, such a class action, would call upon the court to approve the judgment. *See Shorter v. Valley Bank & Trust Co.,* 678 F. Supp. 714, 722 (D.C. Ill. 1988) ("Rule 68 mandates entry of judgment upon proof of acceptance of an offer of

judgment.")  The *Shorter* court also rejected one party's order that a judgment,

rendered pursuant to an accepted offer of judgment was a "settlement," as urged by

a party thereto.

Here, this Court properly entered judgment, under Fed. R. Civ. P. Rule 68,

upon the notice of Plaintiffs' acceptance of Defendant's Offer of Judgment.  That

Judgment had to issue, and it did.  It cannot now be modified,[1] and there is nothing

within the Federal Rules of Civil Procedure that could allow this Court to do so, or

to second-guess whether the judgment, as offered and as accepted, was

"reasonable," "acceptable," or undertaken in "good faith."  Moreover, the Judgment

should be considered final, and beyond modification, in its own right.[2]

---

[1]    Plaintiffs do not allege that there was any mistake, fraud, duress or
misunderstanding in what they expected when entering into the Judgment so as to
warrant vacature of the Judgment, and their time to file a motion for new trial has
already elapsed.

[2]    There is no reason not to treat it as a final judgment.  Even if the Plaintiffs
had requested relief from the Judgment, and asked for a new trial under Fed. R.
Civ. P. Rule 59 or 60, any order rendered would be considered immediately
appealable inasmuch as the Judgment inherently possessed a significant degree of
finality because of absence of court discretion in its implementation, and the fact
that the Judgment resulted from a binding contract between the parties.  *Mallory*,
922 F.2d 1273.  Upon the lapse of 30 days, the Judgment became final and not
subject to change.  Fed. R. App. P. Rule 4.  In *Crossman v. Maccoccio*, 792 F.2d 1
(1st Cir. 1986), the defendant advanced an offer of judgment that was not accepted.
When a verdict for less than that offer was eventually awarded, defendant made an
application for costs and attorneys' fees under Rule 68.  Plaintiffs did not file their
appeal until after this application had been decided.  The Court of Appeals
dismissed as untimely the plaintiffs' appeal, taken beyond 30 days of the initial
judgment, but within 30 days of the resolution of the defendant's application for

In short, neither Rule 68, nor any other Federal Rule of Civil Procedure, provides such an extraordinary remedy as that requested by the Plaintiffs in their motion. Plaintiffs have provided this Court with no source of law that would enable the Court to second-guess, modify, bless, or condemn the terms of the judgment they agreed to enter. Rule 68 provides the Court with no such option. Instead, and as discussed herein, the cases the movants cite are inapplicable, and their proper remedy lies either in the declaratory action to determine whether, in fact, Markel's policy provides coverage, or in a separate action in which they attempt to collect insurance proceeds from Markel under the terms of the Judgment, under which proceeding the reasonableness, *vel non*, of the final judgment in this matter would be at issue.

## C. Markel Should Not Be Estopped from Conducting Discovery Into the Underlying Facts of This Case

Given the procedural effect of a Rule 68 Offer of Judgment which has been duly accepted and entered, Markel can only surmise the reason for the eagerness of the Movants to obtain the District Court's imprimatur on the settlement. Markel

---

costs. The Court of Appeals held that the outstanding issues as to fees and costs did not stop the clock from ticking on the otherwise final judgment. *Id.* at 2-3. Moreover, as a general rule, a party may not appeal a judgment to which it has consented, absent an allegation of fraud, lack of actual consent, or failure of subject matter jurisdiction, *Swift & Co. v. United States*, 276 U.S. 311, 314 (1928), *Dorse v. Armstrong World Industries, Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986), unless that party expressly reserved its right to appeal, *Dorse*, 798 F.2d at 1375.

notes that its insured, Megan Langley, was never named as a defendant in the lawsuit. Langley was only brought into litigation involving this loss when she was named as a defendant in a California lawsuit filed *after* the settlement was concluded. Although the Movants suggest that "Langley was never really absent from this case," in fact, she was. Further, Movants suggest that Blue Dolphin "repeatedly invited Markel to participate in the defense," but Markel declined. In fact, despite a strong position of no coverage, Markel did offer to provide Blue Dolphin a defense, subject to a reservation of rights when Blue Dolphin's other carrier withdrew. Blue Dolphin declined that offer.

Markel submits that the Claypool Plaintiffs and Defendant Blue Dolphin have acted in concert to bind insurer Markel to the sum of $1.2 million as the value of this claim, without affording Markel the opportunity to litigate the fact issues. If, in fact, the Court deems relevant questions of possible "collusion or wrongful conduct," or other elements set forth in the test proposed by Movants, Markel requests, alternatively, the opportunity to more fully develop the factual record in this regard, and proposes a continuance of the hearing on the instant motion in order to allow additional discovery. Markel was not represented at any of the depositions in the underlying action, and accordingly had no opportunity to cross-examine any of the deponents whose testimony is used to support Movants' motion. Similarly, Markel has not had the opportunity to retain experts to review

the Plaintiffs' medical records. In short, Movants are attempting to foreclose Markel's ability to ascertain the facts of this case, in hopes of binding Markel to a settlement in which it had no say, by attempting to engraft an unexamined, unsubstantiated "good faith" determination in surplussage of the terms of Rule 68.

## IV.   <u>CONCLUSION</u>.

The settlement entered into between the Claypool Plaintiffs and Blue Dolphin, regardless of whether the Court, Markel or any other entity approves of it, is final pursuant to Rule 68. If the Court determines that a "good faith" determination is nevertheless appropriate at this juncture, Markel respectfully requests a continuance of the hearing on the motion to permit additional discovery. If the Court determines that it has no basis on which to "approve" the Rule 68 settlement entered into by the Claypool Plaintiffs and Blue Dolphin, Markel submits that the related Declaratory Judgment action initiated by Markel will permit the parties to litigate the issues of liability, damages and coverage which are essential to a determination of Markel's exposure, if any, for the settlement.

DATED: Honolulu, Hawaii, June 2, 2006.

STEPHEN C. SMITH
Attorney for Proposed Intervenor
MARKEL INTERNATIONAL
INSURANCE CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL, | CIVIL NO.  CV04-00570 HG-BMK  **CERTIFICATE OF SERVICE** |

       Plaintiffs,

    vs.

CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC.,

       Defendants.

MATTHEW ISHAM, Individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor, ROXANNE BEST ISHAM,

       Plaintiffs,

    vs.

BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC.,

       Defendants.

4852-0927-8721.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was

duly served upon the following persons at their addresses listed and in the manner

as indicated below on June 1, 2006:

HAROLD G. HOPPE, ESQ.                    (Via U.S. Mail)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2300
Honolulu, Hawaii 96813

JOHN R. HILLSMAN, ESQ,                   (Via U.S. Mail)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133

Attorneys for DENNIS CLAYPOOL, SHERYL
CLAYPOOL, SCOTT CLAYPOOL, and
KRISTEN CLAYPOOL

JOHN R. LACY, ESQ.                       (Via U.S. Mail)
Goodsill Anderson Quinn & Stifel
Alii Place
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813

Attorney for BLUE DOLPHIN DIVING, INC.

ROBERT MILLER, ESQ.                      (Via U.S. Mail)
Law Offices of Robert Miller
735 Bishop Street, Suite 500
Honolulu, Hawaii 96813

Attorneys for BLUE DOLPHIN CHARTERS, LTD.

DATED:  Honolulu, Hawaii, June 2, 2006.

DATED:  Honolulu, Hawaii, June 2, 2006.

STEPHEN C. SMITH
Attorney for Proposed Intervenor
MARKEL INTERNATIONAL
INSURANCE CO., LTD.